# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAURICE DURANTE DAVIS,

Plaintiff,

v.

D. LOPEZ, *et al.*,

Defendants.

Case No. 1:26-cv-06902-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 9)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Maurice Durante Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on October 2, 2026, is currently before the Court for screening. (ECF No. 9.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) D. Lopez, correctional counselor I, and (2) Nickerson, correctional counselor I.

Plaintiff alleges a Due Process violation as follows. On February 18, 2026, Plaintiff was put on C-status for already punished violations that occurred on 9-12-2026 and 10-4-2026.[1] Both violations were for fights. Per Title 15, Plaintiff was supposed to get referred to a "C-Status" committee. That did not happen. Plaintiff was not given RVRs of the incident, was not allowed witnesses, was not allowed video footage evidence. Yet, Plaintiff was given 122 days of restrictions: no canteen, no packages, no phone/tablet (which had email and legal mail). D. Lopez said 2 days before the hearing about the C-status. Plaintiff said that's double jeopardy, by punishing Plaintiff again for the same thing Plaintiff was already punished for. D. Lopez said, "there's no double jeopardy in CDC." At the hearing, CCI Nickerson stated, "We don't do

[1] These "2026" dates may be an error, and Plaintiff may have intended the year 2025.

double jeopardy in CDC. If you don't like to 602 it." Both were in agreement of Plaintiff being put on C-Status with witnesses and video footage of the incidents. Plaintiff's liberty was the 122 days. Plaintiff was put on C-status during Plaintiff's "Institution [illegible] Committee," not the referred C-Status per Title 15 which violated their own structure.

As remedies, Plaintiff seeks $100,000 in damages.

## III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a cognizable claim under 42 U.S.C. § 1983.

### Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but is not plain statement of his claims. It does not clearly state what happened, when it happened, and who was involved. It fails to set forth sufficient factual matter to state a claim to relief that is plausible on its face. Conclusory allegations are insufficient. Plaintiff's complaint does not state what occurred that resulted in the C status designation in February 2026. Plaintiff does not allege what occurred at the disciplinary hearing.

### Double Jeopardy

Plaintiff's main complaint is that he was denied double jeopardy. The Double Jeopardy Clause of the Fifth Amendment precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.' " *Kansas v. Hendricks,* 521 U.S. 346, 369 (1997) (quoting *Witte v. United States*, 515 U.S. 389, 396 (1995)). Plaintiffs' double jeopardy claim is unclear, but the Double

Jeopardy clause does not appear to apply. *See Breed v. Jones*, 421 U.S. 519, 528 (1975) (holding that the Double Jeopardy Clause applies only to criminal proceedings). It is well-established that the evidentiary standard for prison disciplinary proceedings is far lower than the standard for criminal proceedings. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (holding that the revocation of good-time credits need only be supported by "some evidence," rather than proven beyond a reasonable doubt); *United States v. Brown*, 59 F.3d 102, 103–04 (9th Cir. 1995) (recognizing that the Double Jeopardy Clause does not preclude criminal prosecution for conduct for which prison authorities have already imposed administrative discipline); *United States v. Newb*y, 11 F.3d 1143, 1145 (3d Cir. 1993) (explaining that the Double Jeopardy Clause's protection against successive criminal trials is not implicated because a prison disciplinary proceeding is not a criminal trial). The Ninth Circuit has held that prison sanctions are not "punishment" as the term is used in Double Jeopardy because the sanctions are solely remedial. *U.S. v. Brown*, 59 F.3d 102, 104-105 (9th Cir. 1995). The instant case does not involve two criminal trials or two criminal punishments, and therefore Double Jeopardy does not apply.

**Fourteenth Amendment – Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the

prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

Despite being provided guidance as to a Due Process claim, the allegations remain unclear. Plaintiff fails to state a potentially cognizable due process claim based on the failure to provide plaintiff notice or an opportunity to be heard for this designation. The Court cannot determine what occurred and what Plaintiff was told why he was put on C status. The allegations appear to indicate that witnesses and video footage was reviewed at the hearing. Plaintiff is entitled to basic procedural due process protection, which requires notice and the opportunity to be heard "at a meaningful time and in a meaningful manner" prior to deprivation of an established interest. *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 437 (1982); *see also Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir. 1994) (prisoner only entitled to notice and an opportunity to be heard). It is unclear from the allegations what occurred. Plaintiff has been unable to cure this deficiency.

**False Rules Violation Report**

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

To the extent Plaintiff makes such a claim, Plaintiff's complaint does not state a cognizable claim for the allegedly false statements.

**Prison Regulations**

To the extent that any defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 F. App'x 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

**IV. Conclusion and Recommendation**

Plaintiff's first amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 14, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE